IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

PEDRO LUIZ GUTIERREZ OLIVA,
　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　Civil No. 3:26cv536 (DJN)

TODD BLANCHE, *et al.*,
　　　　Respondents.

## <u>MEMORANDUM ORDER</u>
### (Granting 28 U.S.C. § 2241 Petition)

Petitioner Pedro Luiz Gutierrez Oliva ("Petitioner"), a citizen of Honduras proceeding

with counsel, has submitted a Petition for a Writ of Habeas Corpus under 28 U.S.C.

§ 2241, (ECF No. 1 ("Petition" or "Pet.")), challenging the lawfulness of his detention by

Immigration and Customs Enforcement ("ICE").  Petitioner submitted his Petition against

Respondents Todd Blanche, Markwayne Mullin, Jeff Crawford, and Todd M. Lyons

(collectively, "Respondents").  In his Petition, Petitioner alleges that Respondents' application of

8 U.S.C. § 1225(b)(2) to mandate his detention violates the Immigration and Nationality Act,

among other provisions.  (ECF No. 4 ("Amended Petition") ¶ 2.)  For the reasons set forth

below, the Court GRANTS the Amended Petition.  (ECF No. 4.)  The Court ORDERS

Respondents to provide Petitioner with a bond hearing before an Immigration Judge pursuant

to 8 U.S.C. § 1226.

## I.　　BACKGROUND

Petitioner is a citizen of Honduras who entered the United States without inspection in

approximately 2003.  (Amended Petition ¶ 22.)  Petitioner's application provides only limited

details on his background and his circumstances.  On May 1, 2026, Respondents took Petitioner

into custody while on his way home, and detained him. (*Id.* ¶ 23.) Petitioner has been held without bond since being detained. (*Id.*)

On June 22, 2026, Petitioner filed his Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court. (ECF No. 4.) Upon consideration of the Petition, it appeared to the Court that the factual circumstances and legal issues presented were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 5 at 1.) Accordingly, the Court issued an Order directing Respondents to file within seven days a notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Ortega Miranda v. Bondi, et al.*, No. 3:25-cv-769 (E.D. Va. Feb. 3, 2026), or an explanation as to why material factual or legal differences do exist. (*Id.* at 2.) The Court further noted that should Respondents confirm that no material differences between this petition and *Miranda Ortega* exist, prior filings from that case would be adopted in the present case for efficiency and the Court would rule without additional submissions. (*Id.*) Respondents timely submitted their Notice responding to the Court's Order on June 30, 2026. (ECF No. 6 ("Notice")). Consistent with the Court's Order, Respondents recommended that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." (*Id.* at 1.)

## II.   STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets

omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### III.  ANALYSIS

The central question posed in Petitioner's Petition concerns whether he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226(a) entitles him to a bond hearing.  In opposition, Respondents support the Court's incorporation of the arguments and rationale recently rejected in *Ortega-Miranda*, ECF No. 19. *See, e.g., Duarte Escobar v. Perry*, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025); *Perez-Gomez v. Warden*, 2025 WL 3141103 (E.D. Va. Nov. 11, 2025) (rejecting the same arguments made in *Ortega Miranda*); *Contreras-Perez v. Noem*, 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same).  Here, as in *Ortega-Miranda*, Respondents insist that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *Ortega-Miranda*, ECF No. 14 at 5–22.

This Court has previously addressed several of the points contained in *Ortega Miranda*, ECF No. 19, and maintains and incorporates that reasoning into this Order.  That same reasoning has been applied in several cases in this District,[1] and where the Court required that a petitioner

---

[1]     *See, e.g., Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Quispe-Ardiles*, 2025 WL 2783800; *Vargas Nunez v. Lyons*, 1:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, 1:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025); *Gomez Alonzo v. Simons*, 1:25-cvl587 (LMB), ECF No. 16 (E.D. Va. Oct. 1, 2025); *Perez Bibiano v. Lyons*, 1:25-cv-1590 (LMB), ECF No. 8 (E.D. Va. Oct. 2, 2025); *Ortiz Ventura v. Noem*, 1:25-cv-1429 (MSN), ECF No. 16 (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511 (MSN), ECF No. 9 (E.D. Va. Oct. 3, 2025); *Singh v. Bondi*, No. 1:25-cv-l 525 (MSN), ECF No. 8 (E.D. Va. Oct. 7, 2025); *Guerra Leon v. Noem*, 1:25-cv-1634 (LMB), ECF No. 12 (E.D. Va. Oct. 8, 2025); *Maldonado Merlos v. Noem*, 1:25-cv-1645 (LMB), ECF No. 11 (E.D. Va. Oct. 9, 2025); *Alfaro v. Lyons*, 1:25-cvl569 (AJT), ECF No. 11 (E.D. Va. Oct. 11, 2025); *Singh* v. *Lyons*, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*, 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Hernandez* v. *Crawford*, 2025 WL 2940702 (AJT) (E.D. Va.

be provided a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond.[2]

Petitioner has been present in the United States since 2010, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, during which an Immigration Judge must determine whether he poses a danger to the community and whether he constitutes a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge renders such a determination, Petitioner's continued detention is unlawful.

The Court is aware that a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *8 (5th Cir. Feb. 6, 2026), as did an Eighth Circuit panel in *Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026). Indeed, out-of-circuit precedent, though not binding on this Court, may be considered for its persuasive value. *See Folkes v. Nelsen*, 34 F.4th 258, 286 (4th Cir. 2022) (rejecting out-of-circuit precedent, because it "provides no persuasive reasoning"). However, the Court declines to follow the

---

Oct. 16, 2025); *Pineda v. Simon*, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Lapop v. Noem*, 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Ramirez Gomez v. Trump*, No. 1:25-cv-1443 (MSN), ECF No. 12 (E.D. Va. Oct. 27, 2025); *Duarte Escobar*, 2025 WL 3006742; *Boquin Oliva v. Noem*, No. 1:25-cv-1592 (RDA), ECF No. 12 (E.D. Va. Oct. 29, 2025); *Aguilar Lares v. Bondi*, No. 1:25-cv-1562 (LMB), ECF No. 18 (E.D. Va. Oct. 29, 2025); *Esquina Flores v. Crawford*, No. 1:25-cv-1564 (PTG), ECF No. 13 (E.D. Va. Nov. 11, 2025); *Palacios Zepeda v. Crawford*, No. 1:25-cv-1561 (PTG), ECF No. 22 (E.D. Va. Nov. 21, 2025); *Campos-Flores v. Bondi*, 2025 WL 3461551 (E.D. Va. Dec. 2, 2025); *Hugo Romero, v. Jeff Crawford, et al.*, 2026 WL 94634 (E.D. Va. Jan. 13, 2026).

[2]  *See, e.g., Ortega-Miranda*, No. 3:25-cv-769, (E.D. Va. Feb. 3, 2026) (released after satisfying bond of $1,500); *Gomez Alonzo v. Simon et al.*, No. 1:25-cv-1587-LMB-LRV, ECF No. 20 (E.D. Va. Oct. 9, 2025) (released after satisfying bond of $1,500); *Campos-Flores v. Bondi*, 2025 WL 3461551 (released after satisfying bond of $10,000).

majority's strained reasoning in both *Buenrostro-Mendez* and *Avila* and instead finds the dissents persuasive. In both opinions, the majority's conclusions rest largely on equating "applicant for admission" with "seeking admission" and disregarding longstanding agency practice, an approach that conflicts with the Supreme Court's description of the statutory framework in *Jennings v. Rodriguez* and risks rendering significant portions of § 1226 superfluous. *See, e.g.,* *Buenrostro-Mendez*, 2026 WL 323330 at *5–8. The Fifth Circuit's dissent persuasively explains these flaws and cautions against an interpretation that would dramatically expand mandatory detention without a clear statement from Congress. *Id.* at *10 (Douglas, J., dissenting) ("The majority stakes the largest detention initiative in American history on the possibility that 'seeking admission' is like being an 'applicant for admission,' in a statute that has never been applied in this way, based on little more than an apparent conviction that Congress *must have* wanted these noncitizens detained — some of them the spouses, mothers, fathers, and grandparents of American citizens. Straining at a gnat, the majority swallows a camel."). The Court also notes the recent opinions issued by the Second Circuit in *Barbosa da Cunha v. Freden*, No. 25-3141-PR (2d Cir. Apr. 28, 2026), and the Eleventh Circuit in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065 (11th Cir. May 6, 2026), which endorse the arguments set forth by the dissents and directly align with the approach taken by this Court. Accordingly, the Court declines to adopt the reasoning of the Fifth and Eighth Circuits.

## IV.   CONCLUSION

For the above reasons, the Court GRANTS the Petition (ECF No. 1) and hereby ORDERS that:

1.      Respondents shall provide Petitioner with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a). The Immigration Court shall provide

Petitioner with the opportunity for a bond hearing before any hearing on the merits of his removal, and no later than seven (7) days from the date of entry of this Order.

2.  Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

3.  Respondents are ORDERED to file a status report with this Court within three (3) days of Petitioner's bond hearing and before any hearing on the merits, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reason for that denial.

4.  In the event that Petitioner is released on bond, Respondents are ENJOINED from rearresting Petitioner, unless he has committed a new violation of any federal, state or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

5.  Should Petitioner be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[3]

Let the Clerk file a copy of this Order electronically and notify all counsel of record as well as Petitioner.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Date: July 1, 2026

---

[3]  This Court has found that "the automatic stay provision imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan*, 800 F. Supp. 3d at 661.